Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Steven L. Woodrow (Admitted *Pro Hac Vice*)
swoodrow@edelson.com
Megan Lindsey (Admitted *Pro Hac Vice*)
mlindsey@edelson.com
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Tel: 303.357.4878
Fax: 303.446.9111

*Attorneys for Plaintiffs and the putative Classes*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JORDAN, SEAN HALBERT and DANA SKELTON, individually and on behalf of all others similarly situated,<br><br>       *Plaintiffs*,<br><br>    *v.*<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>       *Defendant*. | Case No. 3:14-cv-787<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

Plaintiffs Robert Jordan, Dana Skelton, and Sean Halbert ("Plaintiffs") and Defendant Nationstar Mortgage LLC ("Nationstar") submit this Joint Case Management Statement.

On May 2, 2014, the Parties Conducted the conference required by Fed. R. Civ. P. 26(f).

### 1.   JURISDICTION AND SERVICE

**PLAINTIFFS:** This court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute. There are no issues regarding personal jurisdiction or venue and all parties have been properly served.

**DEFENDANT:**  This court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute.  The Federal Communications Commission ("FCC") has primary jurisdiction over specific issues that are central to resolution of this case, including but not limited to the definition of an "automatic telephone dialing system" as that term is defined by the TCPA, whether the TCPA applies to non-telemarketing calls, the meaning of the term "called party" as that term is used in the TCPA, and whether and in what manner consent can be revoked.

### 2.   FACTS

**PLAINTIFFS:** This case challenges Defendant's alleged practice of making unsolicited auto-dialed telephone calls to Plaintiffs and the putative Class members to their cellular telephones and/or using a pre-recorded voice without receiving consent to make those calls. Defendant placed and continues to place phone calls to consumers who never provided their telephone number to Defendant, and Defendant acquires phone numbers through various means, including through "skip tracing" and "number trapping." In making the calls, Defendant utilizes an automatic telephone dialing system ("ATDS") and the calls feature artificial or pre-recorded messages instead of live operators without an option to stop the calls. The only way for a consumer to speak with a live operator and request that the calls be stopped is by providing personal identifying information such as a social security number. Defendant often places calls to

persons who do not have a mortgage serviced by Nationstar—thus, Nationstar often places calls to the wrong people.

**DEFENDANT:** Plaintiffs allege that Nationstar violated the TCPA by initiating debt collection calls to Plaintiffs' cellular telephones without prior express consent using an automatic telephone dialing system ("ATDS"). However, in their pleading, Plaintiffs have not identified the cellular telephone numbers at issue. *See, e.g., Strand v. Corinthian Colleges, Inc*., 2014 WL 1515494, at *3 (W.D. Mich. April 17, 2014) ("A plain reading of the [TCPA] then, shows that to prove her case a plaintiff must prove that a defendant called a specific telephone number and that the telephone number was assigned to a cellular telephone service. Notice pleading, therefore, under *Twombly* and *Iqbal*, necessarily requires that a plaintiff plead the telephone number in question to 'raise a right to relief above the speculative level.'"). As a result, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations above. Nationstar does not use an ATDS to place telephone calls, and Nationstar does not have a practice of placing calls to persons who do not have a mortgage serviced by Nationstar. Nationstar denies Plaintiffs' allegations and denies that it caused any damages claimed by Plaintiffs.

### 3. LEGAL ISSUES

**PLAINTIFFS:** Nationstar has not yet filed a dispositive motion in this case, but has instead answered the Complaint and provided boilerplate affirmative defenses that Plaintiffs have moved to strike. It is thus unclear at this time which points of law may be disputed. During the Rule 26(f) conference, Nationstar's counsel indicate that Nationstar may challenge Plaintiffs' decision to not identify their telephone numbers in the Complaint and may argue that the FCC is presently reviewing its position on some of the key points of law in this case so as to deprive this Court of jurisdiction.

**DEFENDANT:** Based on the limited set of facts available to Nationstar thus far, Nationstar anticipates litigating the following legal issues:

1.   Whether Plaintiffs are required to identify in their complaint the cellular telephone numbers at issue in order to satisfy the pleading standards of *Twombly* and *Iqbal*.

2.   Whether Plaintiffs' action should be stayed pursuant to the primary jurisdiction doctrine.

3.   Whether dialing equipment that lacks the *current* capacity for random or sequential dialing constitutes an automatic telephone dialing system as that term is defined by the TCPA.

4.   Whether the TCPA applies to non-telemarketing calling activity, such as debt collection calls, about which Plaintiffs complain.

5.   Whether Nationstar had "consent" to place the alleged calls to Plaintiffs' cellular telephones, as the term "consent" has been interpreted by courts and the FCC.

**4.    MOTIONS**

**PLAINTIFFS:**  To the extent necessary, Plaintiffs anticipate filing motions to transfer and relate another lawsuit that has been recently filed against Nationstar in the Central District of California challenging its calls to consumers—*Ruggles v. Nationstar*, Case No. 5:14-cv-00363-BRO-FFM (C.D. Cal.) ("*Ruggles*"). Plaintiffs also anticipate moving for class certification following appropriate discovery. Plaintiffs also contest Defendant's assertions that the FCC has primary jurisdiction or that the cases should be stayed.

**DEFENDANT**:  On May 14, 2014, Plaintiffs withdrew their Motion to Strike Affirmative Defenses without prejudice (Dkt. 24).  On May 16, 2014, the United States District Court for the Central District of California transferred the *Ruggles* case to this court in response to the parties' Stipulation to Transfer *Ruggles* to the Northern District of California.

Nationstar will move to stay these lawsuits pursuant to the primary jurisdiction doctrine. In its motion, Nationstar will establish that these cases should be stayed pursuant to the doctrine of primary jurisdiction because the FCC, rather than the Court, has primary jurisdiction to decide critical legal issues that lie at the heart of this case.  Nationstar reserves its right to file a motion for summary judgment, or in the alternative, summary adjudication, at the appropriate time.

**5.     AMENDMENT OF PLEADINGS**

**PLAINTIFFS:** Amendments may be needed to conform the pleadings to the facts obtained during discovery in support of class certification. Additionally, with respect to the *Ruggles* case, Plaintiffs anticipate needing to file a Consolidated Class Action Complaint following approval of any transfer and motion to deem the cases related. Plaintiffs propose a deadline of six (6) weeks from the date of this Joint Case Management Statement for the transfer to be effectuated and then four (4) weeks thereafter to amend the pleadings and file a consolidated Complaint.

**DEFENDANT:** On May 16, 2014, the United States District Court for the Central District of California transferred the *Ruggles* case to this court in response to the parties' Stipulation to Transfer *Ruggles* to the Northern District of California.  Nationstar will file a response to Plaintiffs' anticipated Consolidated Class Action Complaint.  Nationstar will also move to stay these lawsuits pursuant to the primary jurisdiction doctrine.

**6.     EVIDENCE PRESERVATION**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action. Both parties represent that they are satisfactorily preserving evidence.

**7.     DISCLOSURES**

No Initial Disclosures have been made, but the Parties have stipulated to a short extension until June 3, 2014 to make their Initial Disclosures.

**8.     DISCOVERY**

**PLAINTIFFS:**  No discovery has been taken to date. Plaintiffs' preference is to not bifurcate discovery between class and merits issues and to instead conduct all discovery

simultaneously. Because of the anticipation that the *Ruggles v. Nationstar* case will be transferred to this District and that a consolidated Complaint will be subsequently filed, Plaintiffs believe the discovery period should be built around that Complaint. Thus, Plaintiffs' propose an eight (8) month period for discovery beginning on the day Nationstar answers the consolidated Complaint. After the close of discovery, Plaintiffs request thirty (30) days to move for class certification, and then a shorter period after that Motion for Class Certification is decided to complete any remaining discovery.

As to the scope of discovery, Plaintiffs anticipate requiring information regarding the following, without limitation: (1) the dialing system(s) Nationstar used to call Plaintiffs and the class members, (2) the telephone numbers Nationstar used to place the calls, (3) Nationstar's processes and procedures for obtaining consent to call consumers, (4) Nationstar's methods for obtaining the numbers it called, (5) the equipment Nationstar uses to make telephone calls using a pre-recording voice, (6) records showing the number of calls at issue, (7) Nationstar's procedures for managing and updating any Do Not Call list, (8) Nationstar's procedures for ensuring that any prior mortgage servicer from whom it acquired loans obtained consent to call consumers, and (9) Nationstar's use of methods such as "skip tracing" to acquire phone numbers. Plaintiffs reserve all rights to request additional discovery should additional relevant matters come to light through the pleadings or discovery.

The parties have discussed entering into a stipulated e-discovery order. Plaintiffs are drafting the order and will circulate the draft to Nationstar over the next couple of weeks.

**DEFENDANT:** Nationstar believes discovery should be reasonably focused on class issues first (e.g. the number of class members, existence of common questions, typicality of claims, representative's ability to represent class) and then on merits issues to minimize the discovery burden on the parties and the court. Although Nationstar does not propose any specific bifurcated discovery plan at this time, it believes the parties can first conduct the class-related discovery necessary for this action in an efficient, cooperative and reasonable manner in accordance with the requirements of the Federal Rules of Civil Procedure. To the extent the class-

related discovery overlaps with discovery governing merits issues, the parties will work together to find an appropriate method to resolve any issues.

### 9.    CLASS ACTIONS

**PLAINTIFFS:** Plaintiffs propose that a motion for class certification should be filed thirty (30) days after the close of discovery. Prior to that date, Plaintiffs will require eight (8) months to complete discovery.

Though Plaintiffs may need to amend their class definitions, three classes are currently pleaded:

**Cell Phone Class**: All individuals in the United States to whom Defendant (1) placed a telephone call to his or her cellular telephone; (2) that was made utilizing an automatic telephone dialing system; (3) which related to Defendant's products or services; and (4) Defendant does not have a record of consent to place telephone calls to his or her cellular telephone number.

**RoboCall Class**: All individuals in the United States to whom Defendant (1) placed a telephone call that featured an artificial or pre-recorded voice; (2) which related to Defendant's product or services; and (4) [*sic*] he or she never consented to receive robocalls from Defendant at that telephone number.

**Opt-Out Class**: All individuals in the United States to whom Defendant (1) placed a telephone call to his or her cellular telephone; (2) that was made utilizing an automatic telephone dialing system; (3) which related to Defendant's products or services; (4) and, following such calls, he or she made a request to Defendant that he or she no longer receive telephone calls from Defendant and; thereafter, (5) Defendant placed additional telephone calls to his or her cellular telephone.

**DEFENDANT:** Nationstar denies that class members are ascertainable or identifiable, denies that questions of law or fact common to class members predominate over any questions affecting individual members, denies that Plaintiffs' claims are typical of or common to those belonging to the putative class, and denies that this action is appropriate for class treatment. Nationstar denies that it negligently or willfully violated the TCPA, and denies that Plaintiff or the putative class members suffered or are entitled to any damages.

1    **10.    RELATED CASES**

2          **PLAINTIFFS:**  Plaintiffs are aware of one case that is related: *Ruggles v.*

3    *Nationstar*, Case No. 5:14-cv-00363-BRO-FFM, United States District Court for the Central

4    District of California.

5          **DEFENDANT:**  On May 16, 2014, the United States District Court for the Central

6    District of California transferred the *Ruggles* case to this court in response to the parties'

7    Stipulation to Transfer *Ruggles* to the Northern District of California.  Nationstar will file a

8    response to Plaintiffs' anticipated Consolidated Class Action Complaint.

9

10   **11.    RELIEF**

11          **PLAINTIFFS:** Plaintiffs seek the following relief though their Complaint:

12               (i) an order certifying the Classes as defined, appointing Plaintiffs as

13                representatives of the Classes and appointing their counsel as Class

14                Counsel;

15               (ii) an award of actual and statutory damages;

16               (iii) an injunction requiring Defendant to cease all unsolicited telephone

17                calling activities, and other protecting the interests of the Classes;

18               (iv) an award of reasonable attorneys' fees and costs; and

19               (v) such other and further relief that the Court deems reasonable and just.

20          Plaintiffs and the Class members are entitled to damages as the result of

21   Nationstar's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et

22   seq. If liability is established for violation of the TCPA, the Court should award each Class

23   member a minimum of $500 in statutory damages for each such violation pursuant to 47 U.S.C. §

24   227(b)(3)(B). Each Class member should also be awarded actual damages for the aggravation and

25   nuisance incurred as the result of unsolicited and harassing calls as well as for monies paid to

26   wireless carriers for the receipt of those calls.

27

28

**DEFENDANT:** Nationstar denies that it negligently or willfully violated the TCPA, and denies that Plaintiffs or the putative class members suffered or are entitled to any damages.

**12.    SETTLEMENT AND ADR**

The parties have briefly discussed settlement. Both parties have expressed their willingness to discuss settlement following appropriate discovery. The parties have also discussed their ADR preferences and will file a Stipulation and (Proposed) Order Selecting ADR Process along with this Joint Case Management Statement.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to a having a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    OTHER REFERENCES**

The Parties do not believe that this case is presently suitable for reference to binding arbitration or a special master. This case is also not suitable for reference to the Judicial Panel on Multidistrict Litigation.

**15.    NARROWING OF ISSUES**

**PLAINTIFFS:** Plaintiffs believe the following issues can be narrowed by agreement:

(i) Defendant has placed telephone calls to Plaintiffs and the putative Class members;

(ii) In placing those calls, Nationstar utilized artificial or pre-recorded messages;

(iii) In placing those calls, Nationstar utilized an automatic telephone dialing system.

As for Nationstar's proposal of a stay, it is incorrect regarding the application of the primary jurisdiction doctrine and no basis for a stay is present in this case.

**DEFENDANT:**  Nationstar does not believe that the issues identified by Plaintiffs could be narrowed by agreement.  The parties should agree to stay this lawsuit pursuant to the primary jurisdiction doctrine; Nationstar will move to stay this lawsuit pursuant to the primary jurisdiction doctrine if Plaintiffs will not stipulate to a stay.  In its motion, Nationstar will establish that this case should be stayed pursuant to the doctrine of primary jurisdiction because the FCC, rather than the Court, has primary jurisdiction to decide critical legal issues that lie at the heart of this case.  Nationstar reserves its right to file a motion for summary judgment, or in the alternative, summary adjudication, at the appropriate time.

### 16.   EXPEDITED TRIAL PROCEDURE

The Parties do not believe that an expedited trial procedure is appropriate in this case.

### 17.   SCHEDULING

**PLAINTIFFS:** Plaintiffs believe all dates will need to be contingent on the transfer of the *Ruggles* case to this District and the filing of a consolidated Complaint. Once Nationstar answers the consolidated Complaint, Plaintiffs request an eight (8) month period for discovery. All other dates should be set following a case management conference to be held following a decision on class certification. As Nationstar misunderstands the primary jurisdiction doctrine, there is no need or basis for staying these proceedings.

**DEFENDANT:**  Nationstar believes the parties should submit a proposed joint discovery and pre-trial schedule following the court's determination of Nationstar's motion to stay this action. On May 16, 2014, the United States District Court for the Central District of California transferred the *Ruggles* case to this court in response to the parties' Stipulation to Transfer *Ruggles* to the Northern District of California.  Nationstar will move to stay these actions pursuant to the primary jurisdiction doctrine.  In its motion, Nationstar will establish that these cases should be

stayed because the FCC, rather than the Court, has primary jurisdiction to decide critical legal issues that lie at the heart of this case. As such, Nationstar believes the parties should submit a proposed discovery and pre-trial schedule following the court's determination of Nationstar's motion to stay this action. In the event the court orders a briefing schedule at this time, Nationstar requests sixty (60) days to oppose Plaintiffs' motion for class certification.

## 18. TRIAL

The case will be tried by a jury. Plaintiffs anticipate that a trial with respect to the Plaintiffs and the putative Class can be completed in one week.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**PLAINTIFFS:** Plaintiffs filed their Certification of Interested Entities or Persons on February 21, 2014. The only entity with a financial interest in the case is Edelson PC, the law firm retained by Plaintiffs in this matter.

**DEFENDANT:** Nationstar filed its Certification of Interested Entities or Persons on April 21, 2014. Pursuant to Civil L.R. 7.1-1, the undersigned, counsel of record for Nationstar Mortgage, LLC, certifies that the following listed parties may have a pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal.

Nationstar is a Delaware limited liability company that is wholly owned by Nationstar Sub1 LLC and Nationstar Sub2 LLC. Nationstar Sub1 LLC and Nationstar Sub2 LLC are Delaware limited liability companies that are wholly owned by Nationstar Mortgage Holdings, Inc., a publically traded company on the New York Stock Exchange under the symbol NSM. Nationstar Mortgage Holdings, Inc. does not have any parent corporations, and no publicly held company has an ownership interest of 10% or more in Nationstar Mortgage Holdings, Inc.

1    Dated: May 19, 2014                           Respectfully submitted,

2

3    ROBERT JORDAN, SEAN HALBERT, and              NATIONSTAR MORTGAGE, LLC
     DANA SKELTON, individually and on behalf
     on behalf of all others similarly situated,
4

5    By:   /s/ Mark S. Eisen                       By:   /s/ Raymond Y. Kim
             One of Plaintiff's Attorneys                 Attorney for Defendant Nationstar
6                                                         Mortgage, LLC

7

8    Mark S. Eisen                                 Abraham Joshua Colman
     meisen@edelson.com                            acolman@reedsmith.com
     EDELSON PC                                     Felicia Yangru Yu
9    555 West Fifth Street, 31st Floor             fyu@reedsmith.com
     Los Angeles, CA 90013                         Jack J. Gindi
10   Tel: 213.533.4100                             jgindi@reedsmith.com
     Fax: 213.947.4251                             Raymond Yoon Ho Kim
11                                                  rkim@reedsmith.com
     Steven L. Woodrow (Admitted *Pro Hac Vice*)   Reed Smith LLP
12   swoodrow@edelson.com                          355 South Grand Avenue
     Megan Lindsey (Admitted *Pro Hac Vice*)       Los Angeles, CA 90071
13   mlindsey@edelson.com                          Tel: 213-457-8000
     EDELSON PC                                     Fax: 213-457-8080
14   999 West 18th Street, Suite 3000
     Denver, CO 80202                              *Counsel for Defendant Nationstar Mortgage,*
15   Tel: 303.357.4877                             *LLC*
     Fax: 312.589.6378
16
     *Counsel for Plaintiffs and the putative Classes*
17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2

3

I, Mark S. Eisen, an attorney, hereby certify that I served the ***Joint Case Management Statement*** by causing true and accurate copies of such papers to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system, on this 19th day of May 2014.

4

5

/s/ Mark S. Eisen

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28