Michael P Sousa (SBN – 229416)
msousa@msousalaw.com
Law Offices of Michael P Sousa
3232 Governor Drive Suite A
San Diego, California 92122
Tel: 858.453.6122 x15
Fax: 858.453.2155

Counsel for *Plaintiff Vanessa Ruggles*

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Counsel for *Plaintiffs Robert Jordan, Sean Halbert, and Dana Skelton*
[Additional counsel appearing on signature page]

\* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs and the Putative Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT JORDAN, SEAN HALBERT and DANA SKELTON, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company,<br><br>*Defendant*. | Case No. 3:14-cv-787<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD CLASS COUNSEL**<br><br>Date: August 13, 2014<br>Time: 2:00 p.m.<br>Crtrm.: Courtroom 2, 17th Floor |

PLEASE TAKE NOTICE THAT on Wednesday, August 13, 2014, at 2:00 pm or as soon thereafter as the matter may be heard in the courtroom of the Honorable William H. Orrick, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs Vanessa Ruggles, Robert Jordan, Sean Halbert, and Dana Skelton will move the Court to appoint interim co-lead class counsel in accordance with Federal Rule of Civil Procedure 23(G)(2).

This Motion is based upon this Notice, the Memorandum of Points and Authorities filed concurrently with this Motion, and all of the documents in the record, along with any oral argument as may be presented at the hearing on this Motion.

Dated: July 3, 2014　　　　　　　　By: /s/ Steven L. Woodrow
　　　　　　　　　　　　　　　　　　(One of Plaintiffs Jordan, Halbert, and Skelton's Attorneys)

　　　　　　　　　　　　　　　　　Mark Eisen (SBN - 289009)
　　　　　　　　　　　　　　　　　meisen@edelson.com
　　　　　　　　　　　　　　　　　EDELSON PC
　　　　　　　　　　　　　　　　　555 West Fifth Street, 31st Floor
　　　　　　　　　　　　　　　　　Los Angeles, California 90013
　　　　　　　　　　　　　　　　　Tel: 213.533.4100
　　　　　　　　　　　　　　　　　Fax: 213.947.4251

　　　　　　　　　　　　　　　　　Steven L. Woodrow (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　swoodrow@edelson.com
　　　　　　　　　　　　　　　　　Megan Lindsey (Admitted *Pro Hac Vice*)
　　　　　　　　　　　　　　　　　mlindsey@edelson.com
　　　　　　　　　　　　　　　　　EDELSON PC
　　　　　　　　　　　　　　　　　999 West 18th Street, Suite 3000
　　　　　　　　　　　　　　　　　Denver, Colorado 80202
　　　　　　　　　　　　　　　　　Tel: 303.357.4878
　　　　　　　　　　　　　　　　　Fax: 303.446.9111

　　　　　　　　　　　　　　　　　Jay Edelson
　　　　　　　　　　　　　　　　　jedelson@edelson.com
　　　　　　　　　　　　　　　　　Alicia Hwang
　　　　　　　　　　　　　　　　　ahwang@edelson.com
　　　　　　　　　　　　　　　　　EDELSON PC
　　　　　　　　　　　　　　　　　350 North LaSalle Street, Suite 1300
　　　　　　　　　　　　　　　　　Chicago, Illinois 60604
　　　　　　　　　　　　　　　　　Tel: 312.589.6380
　　　　　　　　　　　　　　　　　Fax: 312.589.6378

　　　　　　　　　　　　　　　　　Stefan Coleman, Esq.
　　　　　　　　　　　　　　　　　law@stefancoleman.com
　　　　　　　　　　　　　　　　　LAW OFFICES OF STEFAN COLEMAN, LLC
　　　　　　　　　　　　　　　　　201 S Biscayne Blvd, 28th Floor
　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　Tel: 877.333.9427

Fax: 888.498.8946

*Attorneys for Plaintiffs Jordan, Halbert, and Skelton*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFFS' MOTION TO CONSOLIDATE RELATED CASES
AND APPOINT INTERIM CLASS COUNSEL**

Plaintiffs Vanessa Ruggles, Robert Jordan, Dana Skelton, and Sean Halbert (collectively "Plaintiffs") have filed two putative class action lawsuits against Defendant Nationstar ("Defendant" or "Nationstar") challenging Nationstar's repeated unsolicited telephone calls under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). Following discussions of counsel, the attorneys for the Plaintiffs have reached an agreement to self order through the appointment of interim co-lead class counsel and the creation of an official executive committee. Accordingly, and pursuant to Federal Rule of Civil Procedure 23(g)(2), Plaintiffs respectfully move this Court to appoint interim co-lead class counsel as follows:

## I.     INTRODUCTION

Nationstar—one of the Country's largest residential mortgage loan servicers—calls consumers' cell phones and home phones without consent and with the use of artificial, pre-recorded voices in violation of the TCPA. Two putative class action lawsuits have been filed at this time. On May 16, 2014, the United States District Court for the Central District of California issued an Order deeming the class action lawsuit styled *Ruggles v. Nationstar Mortgage, LLC*, Case No. 5:14-cv-00363, related to the above-captioned class action lawsuit styled *Jordan v. Nationstar, LLC*, Case No. 5:14-cv-00363 (collectively, the "Actions") and transferred the *Ruggles* case to this District. (*Ruggles* Dkt. 16.) Upon receipt, the *Ruggles* matter was re-numbered as Case No. 3:14-cv-02301-MEJ.

Both the *Jordan* and *Ruggles* matters seek redress for substantially the same classes of people for essentially the same claims, are based on similar factual allegations, and are against the same defendant—Nationstar. At the case management conference held May 27, 2014, this Court granted Plaintiffs' oral motion to consolidate the cases and allowed Plaintiffs to file a motion to file a consolidated complaint. (*See* Dkt. 27.) For purposes of judicial economy, the promotion of efficiency, and for the benefit of the putative classes, the Court should now appoint attorneys Jay Edelson and Steven Woodrow as interim co-lead class counsel in accordance with Fed. R. Civ. P. 23(g)(2) and approve the proposed Executive Committee. Nationstar, which will not be prejudiced

in any way, does not oppose the proposed leadership structure. As such, and as explained further below, this Court should grant the instant motion.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The Actions seek redress for Nationstar's alleged violations of the TCPA. Specifically, Nationstar calls consumers without permission on their cell phones using an automatic telephone dialing system ("ATDS") or pre-recorded voice (violating § 227(b)(1)(A)(iii)) and on their landline phones using a pre-recorded voice (in violation of § 227(b)(1)(A)(iii)).

***Jordan v. Nationstar,*** **Case No. 3:14-cv-787**

On February 21, 2014, Plaintiffs Jordan, Halbert, and Skelton filed their putative class action against Nationstar challenging violations of the TCPA. (*Jordan* Dkt. 1.) Plaintiffs sought to represent themselves and three classes defined as:

> **Cell Phone Class**: All individuals in the United States to whom Defendant (1) placed a telephone call to his or her cellular telephone; (2) that was made utilizing an automatic telephone dialing system; (3) which related to Defendant's products or services; and (4) Defendant does not have a record of consent to place telephone calls to his or her cellular telephone number.
>
> **RoboCall Class**: All individuals in the United States to whom Defendant (1) placed a telephone call that featured an artificial or pre-recorded voice; (2) which related to Defendant's product or services; and (4) he or she never consented to receive robocalls from Defendant at that telephone number.
>
> **Opt-Out Class:** All individuals in the United States to whom Defendant (1) placed a telephone call to his or her cellular telephone; (2) that was made utilizing an automatic telephone dialing system; (3) which related to Defendant's products or services; (4) and, following such calls, he or she made a request to Defendant that he or she no longer receive telephone calls from Defendant; and thereafter, (5) Defendant placed additional telephone calls to his or her cellular telephone.

(*Jordan* Compl. ¶ 41.) The *Jordan* Complaint contains similar counts to the *Ruggles* action, namely violations of the TCPA resulting from unsolicited telephone calls made through the use of an automated telephone dialing system to cellphones or using an artificial or pre-recorded voice.

Nationstar answered the Complaint on April 10, 2014, and asserted numerous affirmative defenses. (*Jordan* Dkt. 13.) On May 1, 2014, Plaintiffs moved to strike all of Nationstar's affirmative defenses. (*Jordan* Dkt. 20.) On May 14, 2014, and in contemplation of this Motion and the transfer of the *Ruggles* case to this District, Plaintiffs withdrew their motion to strike without

prejudice pending the filing of a consolidated amended class action complaint and any re-asserted affirmative defenses by Nationstar. (*Jordan* Dkt. 24.)

### *Ruggles v. Nationstar,* Case No. 14-cv-2301

On February 26, 2014, Plaintiff Ruggles filed a class action complaint against Nationstar in the Central District of California (case no. 5:14-cv-00363) alleging that Nationstar placed calls using an automated telephone dialing system to cellular telephone or used a prerecorded voice in violation of the TCPA. (*Ruggles* Dkt. 1.) Nationstar answered the Complaint on April 21, 2014 and asserted numerous affirmative defenses similar to those Nationstar asserted in the *Jordan* case. (*Ruggles* Dkt. 12.)

Plaintiff Ruggles had sought to represent herself and a class defined as:

> All persons within the United States who, four years prior to the date of filing of this complaint, received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide express consent for such calls.

(*Ruggles* Compl. ¶ 21.)

On May 15, 2014, Ruggles and Nationstar filed a Joint Stipulation to Transfer Case to Northern District of California (Ruggles Dkt. 15.) The next day, May 16, 2014, the Central District of California issued an Order transferring the *Ruggles* case to this District, and, upon transfer, the *Ruggles* case was assigned case number 14-cv-2301. On May 27, 2014, this Court held the case management conference and thereafter entered an order relating the cases and granting Plaintiff leave to file a motion for a consolidated complaint and set a deadline for filing the consolidated complaint. (Dkt. 27.)

Thereafter, on June 23, 2014, Plaintiffs filed their Consolidated Class Action Complaint ("Consolidated Complaint") (Dkt. 31.) The Consolidated Complaint sets forth four classes:

> **No Mortgage Cell Phone Class**: All individuals in the United States to whom Defendant (1) placed a non-emergency telephone call to his or her cellular telephone from February 21, 2010 to the present; (2) that was made utilizing an automatic telephone dialing system and / or a prerecorded or artificial voice; (3) which related to Defendant's products or services; (4) where Defendant does not have a record of consent to place telephone calls to his or her cellular telephone

number; and (5) who did not have a mortgage loan serviced or owned by Nationstar when the call was made.

**Mortgage Cell Phone Class**: All individuals in the United States to whom Defendant (1) placed a non-emergency telephone call to his or her cellular telephone from February 21, 2010 to the present; (2) that was made utilizing an automatic telephone dialing system and / or by a prerecorded or artificial voice; (3) which related to Defendant's products or services; (4) where Defendant does not have a record of consent to place telephone calls to his or her cellular telephone number; and (5) who had a mortgage loan serviced or owned by Nationstar when the call was made.

**Opt-Out Class:** All individuals in the United States to whom Defendant (1) placed a non-emergency telephone call to his or her cellular telephone from February 21, 2010 to the present; (2) that was made utilizing an automatic telephone dialing system and / or a prerecorded or artificial voice; (3) which related to Defendant's products or services; (4) and, following such calls, he or she made a request to Defendant that he or she no longer receive telephone calls from Defendant; and (5) thereafter Defendant placed additional telephone calls to his or her cellular telephone.

**Landline Class**: All individuals in the United States to whom Defendant (1) placed a non-emergency telephone call to his or her residential landline phone from February 21, 2010 to the present; (2) that was made utilizing a prerecorded or artificial voice; (3) which related to Defendant's product or services; (4) where Defendant does not have a record of consent to place telephone calls to his or her landline telephone number, and (5) who did not have a mortgage loan serviced or owned by Nationstar when the call was made.

(Consolidated Compl. ¶ 58.)

**Discussions of Counsel**

Shortly following the filing of these actions, counsel for the Plaintiffs met and conferred regarding the similarity of the two cases. Through these talks, Plaintiffs' counsel discussed the potential for seeking to have the cases deem related and the filing of a consolidated pleading. The discussions were fruitful and counsel were ultimately able to self order and reach agreement on a proposed leadership structure. As explained below, this Court should approve of counsels' proposed structure by appointing attorneys Jay Edelson and Steven Woodrow as interim co-lead class counsel and by approving an official Executive Committee consisting of attorneys Michael Sousa, Doug Campion, and Matthew English.

//
//
//

## III. ARGUMENT

### A. Appointing Interim Co-Lead Class Counsel Is Appropriate Under Federal Rule 23(g) And Will Protect The Interests Of The Putative Class.

Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). As explained in the Manual for Complex Litigation, where, as here, there are multiple class actions pending, appointment of interim class counsel "is necessary to protect the interests of class members" because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *MCL, §* 21.11.

Plaintiffs propose that the Court appoint Jay Edelson and Steven L. Woodrow of Edelson PC interim co-lead class counsel. Attorneys appointed to serve as interim class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Although Rule 23 does not explicitly state what standards apply when appointing interim class counsel, courts have applied the factors set forth in Rule 23(g)(1)(A), which require a showing of: (1) the work counsel has done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, and counsel's knowledge of the applicable law, (3) counsel's knowledge of the applicable law, and (4) the resources counsel will commit to representing the class. *See Levitte v. Google, Inc.*, C 08-03369 JW, 2009 WL 482252 at *2 (N.D. Cal. Feb. 25, 2009). No single factor is determinative; rather, all factors must be considered. *See* Advisory Committee Notes to the 2003 Amendments to Fed. R. Civ. P. 23(g)(4).

As set forth below, the attorneys involved satisfy each of these criteria and are committed to fairly and adequately representing the interests of the class.

#### 1. Proposed interim co-lead class counsel have taken significant steps to advance this litigation and to identify and investigate the claims.

Proposed interim co-lead class counsel have already taken significant steps to identify and investigate Plaintiffs' claims and to advance this litigation. Prior to filing suit, Edelson and

Woodrow and other attorneys at Edelson PC conducted an extensive investigation into Nationstar's practices of making telephone calls allegedly in violation of the TCPA. This has included speaking with dozens of Nationstar borrowers who claim they have been harassed by Nationstar's practices as well as an investigation into Nationstar's business model, its acquisition of loans from banks and other large financial institutions, and its loan servicing practices. Counsel have also advanced the *Jordan* case procedurally through the filing of a motion to strike affirmative defenses and have met and conferred with Nationstar's counsel to engage in a Rule 26(f) conference and discuss the litigation more generally. In short, proposed interim co-lead counsel have investigated the claims sufficiently to support their appointment.

### 2. Proposed interim co-lead class counsel have extensive complex class action experience with respect to TCPA class actions and class actions against national mortgage servicers.

Proposed interim lead counsel have represented plaintiffs in class actions for many years, specializing in complex litigation that includes federal multidistrict litigation. As shown in their attached Firm Resume, the attorneys of Edelson PC have extensive experience prosecuting TCPA class actions and have reached multi-million dollar settlements on behalf of aggrieved TCPA consumers. (*See* "Edelson PC Firm Resume," attached as Ex. A.) Among their many victories, Edelson lawyers were on the legal team that helped secure the landmark TCPA decision in *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009). Likewise, the firm's Banking and Financial Services Practices Group has prosecuted nationwide class action lawsuits against major banks including JPMorgan Chase Bank, N.A., Wells Fargo Bank, N.A., Citibank, N.A., as well as against national mortgage servicers such as Nationstar, Ocwen, and Green Tree related to their loan servicing practices. As such, the Court should have little difficulty finding that proposed co-lead interim class counsel have the requisite experience and track-record to successfully prosecute the instant action.

### 3. Proposed interim co-lead class counsel have extensive knowledge of the TCPA and laws applicable to nationwide mortgage servicers.

Through their extensive experience prosecuting nationwide class actions under the TCPA as well as claims against large mortgage servicers like Nationstar proposed interim co-lead class

counsel have gained an intimate familiarity with the laws at issue in this case. Again, proposed interim co-lead class counsel have helped shape the current laws and interpretations of the TCPA through their many formative lawsuits in this area. Likewise, by virtue of their litigation against national banks and mortgage servicers, proposed interim co-lead class counsel have gained in-depth knowledge of the laws affecting such servicers in addition to the TCPA including the Fair Debt Collection Practices Act, the Fair Credit Reporting Act, and other laws. Proposed interim co-lead class counsel plainly have the requisite understanding of the applicable laws and legal principals at issue.

### 4. Proposed interim co-lead class counsel have and will commit the resources necessary to advance and successfully prosecute this litigation.

With respect to the final consideration, Proposed interim co-lead class counsel are committed to providing the resources required to prosecute this litigation through all phases, including rigorous motion practice, discovery, class certification, summary judgment, and trial. Edelson PC has highly experienced attorneys and support staff and are skilled at dealing cooperatively with each other to maximize efficiency and avoid unnecessary costs and expenses. Proposed interim co-lead class counsel are intimately familiar with the costs associated with successfully prosecuting TCPA class actions (as well as actions against national mortgage servicers) and will ensure that sufficient resources are expended pursuing the instant claims.

In sum, proposed interim co-lead class counsel have already thoroughly researched and advanced the claims alleged in the pleadings, have extensive experience prosecuting the very claims that are at issue in these actions, and are committed to expending the resources necessary to ensure that the interests of the putative class members are adequate represented. The Court should approve their appointment as interim co-lead class counsel accordingly.

### B. Plaintiffs and Putative Class Members Will Benefit From a Multi-Firm Structure.

In addition to the appointment of interim co-lead class counsel, the proposed leadership structure would include the establishment of an official Executive Committee. Including multiple firms helps benefit putative class members through combined resources. "Court[s] should be

cognizant of the possibility that the class could benefit from the combined resources and expertise of a number of class counsel . . . ." Third Circuit Task Force Report on Selection of Class Counsel, 208 F.R.D. 340, 417 (2002) (footnote omitted); *see also* MCL, § 10.221 (noting benefit to having multiple counsel in large class action cases). For these reasons, federal district courts frequently approve multi-firm structures in complex class actions. *See, e.g., In Re Hydrogen Peroxide Antitrust Litig.,* 240 F.R.D. 163, 177 (E.D. Pa. 2007) (appointing four-firm structure); *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 46, 49 (S.D.N.Y. 1998) (approving multiple counsel arrangement, finding that pooling of resources and experience was advantageous given the "magnitude" of the class action and to "ensure that the litigation will proceed expeditiously against Oxford and the experienced counsel it has retained to represent it"); *see also In re Intel Corp. Microprocessor Antitrust Litig.,* MDL No. 05-1717 (D. Del. Apr. 18, 2006), Order Appointing Co-Lead Counsel, at *3 (appointing multi-firm structure that allows "drawing upon a greater pool of resources" which "could prove to be especially beneficial in a large and complex case such as this.")

  Applied here, the establishment of an executive committee would significantly aid in the success and efficient management of a case of this size and magnitude. The instant lawsuit presents many complex legal and factual issues regarding Nationstar's placement of harassing telephone calls, its methods for obtaining those phone numbers in the first instance, the purpose of its calls, the Court's jurisdiction to hear and adjudicate the class members' claims, and the ability of the case to be maintained as a class action. Further, Nationstar is one of the largest mortgage servicers in the Country, represented by a highly experienced defense firm with the resources and staff to defend the case. Documents produced in this case will likely be voluminous and will require knowledgeable persons to review them in a concentrated period of time. In addition, there will be extensive motion practice and a complicated path to settlement or trial. Needless to say, mounting a successful prosecution will require a concerted and organized effort—all of which can be ensured through the recognition of a formal executive committee.

  Without belaboring the point, Plaintiffs' proposed leadership structure is comprised of attorneys with a proven commitment to responsible advocacy in consumer protection and class

action matters—specifically with respect to TCPA cases like the instant actions. Together, the firms of both proposed interim co-lead class counsel as well as those slated for service on the executive committee offer the benefits of efficiency and experience that the complexity of the case demands. Simply put, under the facts presented in this instance, Plaintiffs and the putative Class members will have the best opportunity for success if they have the benefit of the combined experience, knowledge, and resources of the proposed lawyers and law firms.

Plaintiffs' counsel has spoken with Nationstar's counsel, and Nationstar's counsel has no objection to the relief sought in this Motion.

## IV.     CONCLUSION

Although in certain cases multiple class actions merely invites in-fighting amongst the Plaintiffs' lawyers, here the attorneys for the Plaintiffs and the putative classes have managed to self-order in a way that will lead to the efficient prosecution and resolution of this case. As such, the Court should have little difficulty appointing Jay Edelson and Steven Woodrow of Edelson PC as interim co-lead class counsel and recognizing an executive committee comprised of Michael Sousa, Doug Campion, and Matthew English.

WHEREFORE, in the interests of judicial economy and for the reasons set forth above, Plaintiffs Vanessa Ruggles, Robert Jordan, Sean Halbert, and Dana Skelton respectfully request that the Court appoint Jay Edelson and Steven Woodrow of Edelson PC as interim co-lead class counsel and Michael Sousa, Doug Campion, and Matthew English to serve on the executive committee.

Date: July 3, 2014

By: /s/ Steven L. Woodrow

Mark Eisen (SBN - 289009)
meisen@edelson.com
EDELSON PC
555 West Fifth Street, 31st Floor
Los Angeles, California 90013
Tel: 213.533.4100
Fax: 213.947.4251

Steven L. Woodrow*
swoodrow@edelson.com
Megan Lindsey*

mlindsey@edelson.com
EDELSON PC
999 West 18th Street, Suite 3000
Denver, Colorado 80202
Tel: 303.357.4878
Fax: 303.446.9111

Jay Edelson*
jedelson@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Tel: 312.589.6380
Fax: 312.589.6378

Stefan Coleman, Esq.*
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, LLC
201 S Biscayne Blvd, 28th Floor
Miami, Florida 33131
Tel: 877.333.9427
Fax: 888.498.8946

* Admitted *Pro Hac Vice*

*Attorneys for Plaintiffs Jordan, Halbert, and Skelton*

Michael P Sousa (SBN – 229416)
msousa@msousalaw.com
Law Offices of Michael P Sousa
3232 Governor Drive Suite A
San Diego, California 92122
Tel: 858.453.6122 x15
Fax: 858.453.2155

Matthew G. English (SBN 204869)
info@mge-law.com
Law Offices of Matthew G. English
941 Orange Ave #344
Coronado, CA 92118
Tel: (619) 944-8568

*Attorneys for Plaintiff Vanessa Ruggles*

**CERTIFICATE OF SERVICE**

I, Steven L. Woodrow, hereby certify that on July 3, 2014, I electronically filed the foregoing ***Plaintiff's Notice of Motion and Motion to Appoint Interim Co-Lead Class Counsel*** with the Clerk of the Court using the CM/ECF system. Notice of this filing is sent to the following counsel of record by operation of the Court's electronic filing system:

Abraham J. Colman
Felicia Y. Yu
Raymond Y. Kim
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, California 90071

/s/ Steven L. Woodrow