UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JORDAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>　　　　　Defendant. | Case No. 14-cv-00787-WHO<br><br>**ORDER ON MOTION TO STAY**<br>Re: Dkt. No. 33 |

　　　Defendant Nationstar Mortgage, LLC ("Nationstar"), moves for a stay of this case on the grounds that the Federal Communications Commission ("FCC") has primary jurisdiction to decide three legal issues: (1) whether dialing equipment that lacks the current capacity for random or sequential dialing constitutes an "automatic telephone dialing system" ("ATDR") as defined by the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"); (2) whether TCPA liability arises when a cell phone number is reassigned from someone who gave consent to someone who did not without notice to the caller; and (3) whether the TCPA applies to debt collection calls.  Dkt. No. 33.

　　　I am skeptical about applying the primary jurisdiction doctrine in this case.  Courts in this circuit have ruled on the meanings of the terms above consistently and without need to defer to the technical expertise of the FCC.  The evidence that the FCC will rule "imminently," as Nationstar asserts, is, at best, uncertain.  It is also unclear that rulings on the pending petitions before the FCC, if they occur in the near future, will be determinative to the outcome of this case, because it appears that the questions presented in those petitions are different from the issues presented here.

　　　That said, in a case that involves one of the issues in this matter, *Heinrichs v. Wells Fargo Bank N.A.*, No. 13-cv-05434-WHA, 2014 WL 2142457 (N.D. Cal. Apr. 15, 2014), Judge Alsup

1  issued a six month stay in April 2014, pending resolution of two petitions to the FCC on the
2  definition of "called party" under section 227(b)(1)(A).  The stay expires on October 15, 2014.
3  Yesterday, Judge Alsup sent a Request to the Office of General Counsel of the Federal
4  Communications Commission asking whether any decision will be forthcoming before the end of
5  the stay in *Heinrichs* and, if not, what the timetable might be.  *Heinrichs,* Dkt. No. 57.  He
6  requested a response by September 26, 2014.

7  Prudence dictates that I wait to see if the FCC responds to Judge Alsup's request before
8  deciding Nationstar's motion to stay.  Accordingly, I will stay this matter until October 15, 2014.
9  The parties shall submit a joint statement to me on October 15, 2014 indicating any new
10 information concerning the status of the FCC's action on the relevant petitions, and I will
11 determine if a longer stay is appropriate.  I do not need any further legal argument.

12 **IT IS SO ORDERED**.

13 Dated: September 4, 2014



WILLIAM H. ORRICK
United States District Judge