Abraham J. Colman (SBN 146933)
Email:    acolman@reedsmith.com
Felicia Y. Yu (SBN 193316)
Email:    fyu@reedsmith.com
Raymond Y. Kim (SBN 251210)
Email:    rkim@reedsmith.com
Jack J. Gindi (SBN 293739)
Email:    jgindi@reedsmith.com
REED SMITH LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Nationstar Mortgage, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JORDAN, SEAN HALBERT, DANA SKELTON, and VANESSA RUGGLES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No.: 3:14-cv-00787-WHO<br><br>**CLASS ACTION**<br><br>**DEFENDANT NATIONSTAR MORTGAGE, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Complaint Filed:  February 21, 2014<br>Consolidated Complaint Filed: June 23, 2014 |

– 2 –

Defendant Nationstar Mortgage, LLC ("Nationstar"), for itself and for no other party, hereby answers Robert Jordan, Sean Halbert, Dana Skelton, and Vanessa Ruggles' ("Plaintiffs") Consolidated Class Action Complaint (the "FAC"), responding to the correspondingly numbered paragraphs thereof, as follows:

## NATURE OF THE ACTION

1. Answering Paragraph 1 of the FAC, Nationstar admits that it is a mortgage lender and servicer.

2. Answering Paragraph 2 of the FAC, Nationstar denies violating any provisions of the Telephone Consumer Protection Act ("TCPA"), codified at 47 U.S.C. § 227 *et seq*. or any other statutory or common law in any manner, and denies that this action is appropriate for class treatment. Nationstar also denies that Plaintiffs and the purported classes they seek to represent are entitled to any damages, remedies, or recovery from Nationstar.

3. Answering Paragraph 3 of the FAC, Nationstar denies these allegations.

4. Answering Paragraph 4 of the FAC, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner, and denies that this action is appropriate for class treatment. Further, this paragraph consists of legal conclusions to which no response is required.

5. Answering Paragraph 5 of the FAC, Nationstar admits only that Plaintiffs seeks legal and equitable remedies under the TCPA. Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner, and denies that this action is appropriate for class treatment. Nationstar also denies that Plaintiffs and the purported classes they seek to represent are entitled to any damages, remedies, or recovery from Nationstar.

## PARTIES

6. Answering Paragraph 6 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

7. Answering Paragraph 7 of the FAC, Nationstar admits on information and belief that Plaintiff Sean Halbert resides in California. The remaining allegations of this Paragraph consist of legal conclusions to which no response is required.

8. Answering Paragraph 8 of the FAC, Nationstar admits on information and belief that Plaintiff Dana Skelton resides in California. The remaining allegations of this Paragraph consist of legal conclusions to which no response is required.

9. Answering Paragraph 9 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

10. Answering Paragraph 10 of the FAC, Nationstar admits that Nationstar Mortgage, LLC is a limited liability company organized and existing under the laws of the State of Delaware and has an office located at 350 Highland Drive, Lewisville, Texas 75067. Nationstar also admits that it is registered to do business with the California Secretary of State (entity number 200109410005), and that it does business throughout the United States and in the State of California.

## JURISDICTION AND VENUE

11. Answering Paragraph 11 of the FAC, Nationstar admits that this Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, a federal statute. The remaining allegations of this Paragraph consist of legal conclusions to which no response is required.

12. Paragraph 12 of the FAC consists of legal conclusions to which no response is required. In addition, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

## COMMON FACTUAL ALLEGATIONS

13. Answering Paragraph 13 of the FAC, Nationstar admits that it is a mortgage servicer and that it is not a bank. The remaining allegations of this Paragraph consist of legal conclusions to which no response is required.

14. Answering Paragraph 14 of the FAC, Nationstar responds that it has implemented protocols to ensure compliance with the TCPA and denies that it has engaged in the widespread

– 3 –

practice of calling consumers' telephones without the call recipients' prior express consent. The remaining allegations of this Paragraph consist of legal conclusions to which no response is required.

15. Answering Paragraph 15 of the FAC, Nationstar denies that it placed and continues to place repeated phone calls to consumers who never provided the number called to Nationstar or any third party associated with its respective mortgages. Nationstar denies that it calls phone numbers obtained through various means such as "skip tracing," "number trapping," or any other means without the consumers' prior express consent.

16. Answering Paragraph 16 of the FAC, Nationstar admits that it calls its customers for the purpose of collecting mortgage payments. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

17. Answering Paragraph 17 of the FAC, Nationstar admits it calls customers on a regular basis in accordance with state and federal laws and regulations.

18. Answering Paragraph 18 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them

19. Answering Paragraph 19 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

20. Answering Paragraph 20 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

21. Answering Paragraph 21 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

22. Answering Paragraph 22 of the FAC, Nationstar denies that it used an automatic telephone dialing system (ATDS) as defined by the TCPA. Further, this Paragraph consists of legal conclusions to which no response is required.

23. Answering Paragraph 23 of the FAC, Nationstar denies these allegations.

**FACTS SPECIFIC TO PLAINTIFF JORDAN**

24. Answering Paragraph 24 of the FAC, Nationstar admits that Plaintiff Jordan does not have a mortgage serviced by Nationstar. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

25. Answering Paragraph 25 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

26. Answering Paragraph 26 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

27. Answering Paragraph 27 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

28. Answering Paragraph 28 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them. Further, this Paragraph consists of legal conclusions to which no response is required.

29. Answering Paragraph 29 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

30. Answering Paragraph 30 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them. Further, this Paragraph consists of legal conclusions to which no response is required.

31. Answering Paragraph 31 of the FAC, Nationstar denies these allegations.

32. Answering Paragraph 32 of the FAC, Nationstar admits that Plaintiff Jordan does not have a mortgage serviced by Nationstar. Nationstar is without sufficient knowledge or information

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis,
2 denies them.

### FACTS SPECIFIC TO PLAINTIFFS HALBERT AND SKELTON

33. Answering Paragraph 33 of the FAC, Nationstar admits that Plaintiffs Halbert and Skelton have a mortgage that is serviced by Nationstar. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

34. Answering Paragraph 34 of the FAC, Nationstar denies these allegations.

35. Answering Paragraph 35 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

36. Answering Paragraph 36 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

37. Answering Paragraph 37 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

38. Answering Paragraph 38 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

39. Answering Paragraph 39 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

40. Answering Paragraph 40 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

41. Answering Paragraph 41 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

42. Answering Paragraph 42 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

43. Answering Paragraph 43 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

44. Answering Paragraph 44 of the FAC, Nationstar denies placing calls using an automatic telephone dialing system. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

45. Answering Paragraph 45 of the FAC, Nationstar denies these allegations.

46. Answering Paragraph 46 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

**FACTS SPECIFIC TO PLAINTIFF VANESSA RUGGLES**

47. Answering Paragraph 47 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

48. Answering Paragraph 48 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

49. Answering Paragraph 49 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

– 7 –

DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

50. Answering Paragraph 50 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

51. Answering Paragraph 51 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

52. Answering Paragraph 52 of the FAC, Nationstar admits that Vanessa Ruggles does not have a mortgage serviced by Nationstar. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

53. Answering Paragraph 53 of the FAC, Nationstar denies that it used an automatic telephone dialing system as defined by the TCPA. Further, this Paragraph consists of legal conclusions to which no response is required.

54. Answering Paragraph 54 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them. Further, this Paragraph consists of legal conclusions to which no response is required.

55. Answering Paragraph 55 of the FAC, Nationstar admits that the subject calls were not made for emergency purposes as defined by the TCPA.

56. Answering Paragraph 56 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them. Further, this Paragraph consists of legal conclusions to which no response is required.

57. Answering Paragraph 57 of the FAC, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner.

**CLASS ALLEGATIONS**

58. Answering Paragraph 58 of the FAC, Nationstar denies that Plaintiffs are proper class representatives, denies that the proposed class definitions are proper, and denies that this action is appropriate for class treatment.

59. Answering Paragraph 59 of the FAC, Nationstar denies that the proposed class definitions are proper, denies that class members are ascertainable or identifiable, and denies that this action is appropriate for class treatment.

60. Answering Paragraph 60 of the FAC, Nationstar denies these allegations, denies that Plaintiffs are proper class representatives, denies that Plaintiffs' claims are typical, denies that the proposed class definitions are proper, and denies that this action is appropriate for class treatment.

61. Answering Paragraph 61 of the FAC, Nationstar denies that Plaintiffs are proper or adequate class representatives, denies that the proposed class definitions are proper, and denies that this action is appropriate for class treatment.

62. Answering Paragraph 62 of the FAC, Nationstar denies these allegations, denies that Plaintiffs are proper class representatives, denies there are common questions of law or fact that predominate over individual issues, denies that the proposed class definitions are proper, and denies that this action is appropriate for class treatment.

63. Answering Paragraph 63 of the FAC, denies that the proposed class definitions are proper, denies that class proceedings are superior, and denies that this action is appropriate for class treatment.

## COUNT I

### Violation of the TCPA, 47 U.S.C. § 227 et seq.

**(On behalf of Plaintiffs Ruggles and the No Mortgage Cell Phone Class)**

64. Answering Paragraph 64 of the FAC, Nationstar incorporates by reference its responses to Paragraphs 1 through 63 of the FAC as though fully set forth herein.

65. Answering Paragraph 65 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them. Also, this paragraph consists of legal conclusions to which no answer is required.

66. Answering Paragraph 66 of the FAC, Nationstar denies that it made telephone calls using equipment that had the capacity to store, generate, or produce telephone numbers to be called using a random or sequential number generator. Nationstar also denies using an automatic telephone

– 9 –

1 dialing system. Nationstar is without sufficient knowledge or information to form a belief as to the
2 truth of the allegations in this Paragraph, and on that basis, denies them.

3      67.      Answering Paragraph 67 of the FAC, Nationstar denies using an automatic telephone
4 dialing system. Nationstar is without sufficient knowledge or information to form a belief as to the
5 truth of the allegations in this Paragraph, and on that basis, denies them.

6      68.      Answering Paragraph 68 of the FAC, Nationstar denies violating any provisions of
7 the TCPA or any other statutory or common law in any manner and denies using an automatic
8 telephone dialing system.

9      69.      Answering Paragraph 69 of the FAC, Nationstar denies violating any provisions of
10 the TCPA or any other statutory or common law in any manner. Nationstar also denies that
11 Plaintiffs and the purported class they seek to represent are entitled to any damages, remedies, or
12 recovery from Nationstar.

13      70.      Answering Paragraph 70 of the FAC, Nationstar denies violating any provisions of
14 the TCPA or any other statutory or common law in any manner. Nationstar also denies that
15 Plaintiffs and the purported class they seek to represent are entitled to any damages, remedies, or
16 recovery from Nationstar.

17 <div align="center">**COUNT II**</div>
18 <div align="center">**Violation of the TCPA, 47 U.S.C. § 227 et seq.**</div>
19 <div align="center">**(On behalf of Plaintiffs Halbert and Skelton and the Mortgage Cell Phone Class)**</div>

20      71.      Answering Paragraph 71 of the FAC, Nationstar incorporates by reference its
21 responses to Paragraphs 1 through 70 of the FAC as though fully set forth herein.

22      72.      Answering Paragraph 72 of the FAC, Nationstar denies that it made telephone calls
23 using equipment that had the capacity to store, generate, or produce telephone numbers to be called
24 using a random or sequential number generator. Nationstar also denies using an automatic telephone
25 dialing system. Nationstar further denies violating any provisions of the TCPA or any other
26 statutory or common law in any manner.

27      73.      Answering Paragraph 73 of the FAC, Nationstar denies that it made telephone calls
28 using equipment that had the capacity to store, generate, or produce telephone numbers to be called

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 10 –

1 using a random or sequential number generator. Nationstar also denies using an automatic telephone 2 dialing system. Nationstar is without sufficient knowledge or information to form a belief as to the 3 truth of the allegations in this Paragraph, and on that basis, denies them.

4     74.    Answering Paragraph 74 of the FAC, Nationstar using equipment that had the 5 capacity to store, generate, or produce telephone numbers to be called using a random or sequential 6 number generator. Nationstar also denies using an automatic telephone dialing system. Nationstar is 7 without sufficient knowledge or information to form a belief as to the truth of the remaining 8 allegations in this Paragraph, and on that basis, denies them.

9     75.    Answering Paragraph 75 of the FAC, Nationstar denies that it made telephone calls 10 using equipment that had the capacity to store, generate, or produce telephone numbers to be called 11 using a random or sequential number generator. Nationstar also denies using an automatic telephone 12 dialing system. Nationstar further denies violating any provisions of the TCPA or any other 13 statutory or common law in any manner.

14     76.    Answering Paragraph 76 of the FAC, Nationstar denies violating any provisions of 15 the TCPA or any other statutory or common law in any manner. Nationstar also denies that 16 Plaintiffs and the purported class they seek to represent are entitled to any damages, remedies, or 17 recovery from Nationstar.

18     77.    Answering Paragraph 77 of the FAC, Nationstar denies violating any provisions of 19 the TCPA or any other statutory or common law in any manner.

20 <center>**COUNT III**</center>
21 <center>**Violation of the TCPA, 47 U.S.C. § 227 et seq.**</center>
22 <center>**(On behalf of Plaintiffs Skelton, Halbert and Ruggles and the Opt-Out Class)**</center>

23     78.    Answering Paragraph 78 of the FAC, Nationstar incorporates by reference its 24 responses to Paragraphs 1 through 77 of the FAC as though fully set forth herein.

25     79.    Answering Paragraph 79 of the FAC, Nationstar is without sufficient knowledge or 26 information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, 27 denies them. Also, this paragraph consists of legal conclusions to which no answer is required.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

80. Answering Paragraph 80 of the FAC, Nationstar denies that it made telephone calls using equipment that had the capacity to store, generate, or produce telephone numbers to be called using a random or sequential number generator. Nationstar also denies using an automatic telephone dialing system. Nationstar further denies violating any provisions of the TCPA or any other statutory or common law in any manner. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

81. Answering Paragraph 81 of the FAC, Nationstar denies using equipment that had the capacity to store, generate, or produce telephone numbers to be called using a random or sequential number generator. Nationstar also denies using an automatic telephone dialing system. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

82. Answering Paragraph 82 of the FAC, Nationstar denies that it failed to implement adequate safeguards or internal controls designed to prevent or minimize its re-calling of consumers who have requested that the calls cease. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this Paragraph, and on that basis, denies them.

83. Answering Paragraph 83 of the FAC, Nationstar also denies using an automatic telephone dialing system. Nationstar further denies violating any provisions of the TCPA or any other statutory or common law in any manner. Nationstar also denies that Plaintiffs and the purported class they seek to represent are entitled to any damages, remedies, or recovery from Nationstar.

84. Answering Paragraph 84 of the FAC, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner. Nationstar also denies that Plaintiffs and the purported class they seek to represent are entitled to any damages, remedies, or recovery from Nationstar.

85. Answering Paragraph 85 of the FAC, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner.

# COUNT IV

## Violation of the TCPA, 47 U.S.C. § 227 et seq.

### (On behalf of Plaintiff Jordan and the Landline Class)

86. Answering Paragraph 86 of the FAC, Nationstar incorporates by reference its responses to Paragraphs 1 through 85 of the FAC as though fully set forth herein.

87. Answering Paragraph 87 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them. Also, this paragraph consists of legal conclusions to which no answer is required.

88. Answering Paragraph 88 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them. Also, this paragraph consists of legal conclusions to which no answer is required.

89. Answering Paragraph 89 of the FAC, Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them. Also, this paragraph consists of legal conclusions to which no answer is required.

90. Answering Paragraph 90 of the FAC, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner. Nationstar also denies that Plaintiffs and the purported class they seek to represent are entitled to any damages, remedies, or recovery from Nationstar.

91. Answering Paragraph 91 of the FAC, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner. Nationstar also denies that Plaintiffs and the purported class they seek to represent are entitled to any damages, trebled damages, remedies, or recovery from Nationstar.

92. Answering Paragraph 92 of the FAC, Nationstar denies violating any provisions of the TCPA or any other statutory or common law in any manner. Nationstar is without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, denies them.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1. The FAC fails to state a claim upon which relief can be granted against Nationstar because Nationstar did not place calls without the prior express consent of the called party or use an automatic telephone dialing system to place the alleged calls.

## SECOND AFFIRMATIVE DEFENSE

(No Automatic Telephone Dialing System)

2. Nationstar did not use an "automatic telephone dialing system" as defined by the TCPA to make the calls alleged in the FAC because Nationstar's equipment lacked the capacity to store, generate, or produce telephone numbers to be called using a random or sequential number generator.

## THIRD AFFIRMATIVE DEFENSE

(No Charge for Calls)

3. Plaintiffs and others alleged to be members of the purported class were not "charged" for the alleged telephone calls, as required to state a claim under the TCPA because they are not subscribers of the telephone numbers at issue.

## FOURTH AFFIRMATIVE DEFENSE

(Prior Express Consent)

4. Plaintiffs and others alleged to be members of the purported class gave Nationstar prior express consent for the telephone calls at issue in this action, either by providing their respective telephone numbers to Nationstar or in a different manner allowed under the TCPA. 47 U.S.C. § 227(b)(1)(A).

## FIFTH AFFIRMATIVE DEFENSE

(Not a "Called Party")

5. Plaintiffs and others alleged to be members of the purported class do not qualify as a "called party," within the meaning of the TCPA because they were not the intended recipients of the alleged calls dialed by Nationstar and/or were not the subscribers of the telephone numbers at issue.

## SIXTH AFFIRMATIVE DEFENSE

(Unintended Recipient)

DEFENDANT NATIONSTAR MORTGAGE LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

6.  Plaintiffs and others alleged to be members of the purported class who did not have a mortgage serviced by Nationstar were the unintended recipients of any calls made by Nationstar.

### SEVENTH AFFIRMATIVE DEFENSE

(Non-Telemarketing Calls)

7.  The calls alleged by Plaintiff Jordan were not for telemarketing purposes.

### EIGHTH AFFIRMATIVE DEFENSE

(Existing Business Relationship)

8.  Plaintiffs and others alleged to be members of the purported class have an existing business relationship with Nationstar because they have a mortgage serviced by Nationstar.

### NINTH AFFIRMATIVE DEFENSE

(Class Treatment Inappropriate)

9.  To the extent Plaintiffs seek to bring this FAC on behalf of a class, this action cannot be maintained as a class action because, *inter alia*, Plaintiffs do not and cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure

### TENTH AFFIRMATIVE DEFENSE

(Compliance with the Law)

10.  Plaintiffs' claims and the claims of others alleged to be members of the purported class may be barred because the acts or omissions of which Plaintiffs complain have been approved and/or mandated, implicitly or expressly, by applicable statutes and regulations, including the TCPA.

### ELEVENTH AFFIRMATIVE DEFENSE

(Good Faith/Conformance with Applicable Standards)

11.  Plaintiffs' claims and alleged damages, and the claims and alleged damages of others alleged to be members of the purported class, may be barred because Nationstar at all times complied in good faith with all applicable statutes and regulations, and Plaintiffs and the members of the purported class are not entitled to treble damages.

### TWELFTH AFFIRMATIVE DEFENSE

(No Malice)

12.  Nationstar specifically denies that it acted with any knowledge, willfulness,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 oppression, fraud, or malice towards Plaintiffs or others, and therefore Plaintiffs and the members of 2 the purported class are not entitled to treble damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Right to Compel Arbitration)

13. Nationstar reserves its right to compel arbitration of this matter, pursuant to the relevant agreement with Plaintiffs and others alleged to be members of the purported class.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Other Defenses)

14. Nationstar specifically gives notice that it intends to rely upon such other defenses as may become available by law, or pursuant to statute, or during any further discovery proceedings of this case, and hereby reserves the right to amend its Answer and assert such defenses.

WHEREFORE, Nationstar prays for judgment as follows:

1. That Plaintiffs and the members of the putative class take nothing by reason of the FAC;

2. For its costs of suit herein;

3. For attorney's fees according to proof; and

4. For such other and further relief as this Court may deem just and proper.

December 1, 2014                    Reed Smith LLP

By: */s/ Raymond Y. Kim*
    Raymond Y. Kim
    Attorneys for Defendant
    Nationstar Mortgage, LLC

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90017.

On December 1, 2014, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet, as listed below.

**DEFENDANT NATIONSTAR MORTGAGE, LLC'S ANSWER TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**

| | |
|---|---|
| Samuel M. Lasser<br>LAW OFFICE OF SAMUEL LASSER<br>1934 Divisadero Street<br>San Francisco, CA 94115<br>Telephone: (415) 994-9930<br>Facsimile: (415) 776-8047<br>E-Mail samlasser@hotmail.com<br>**ATTORNEYS FOR PLAINTIFFS AND THE PUNTATIVE CLASSES** | Steven L. Woodrow<br>Megan Lindsey<br>EDELSON PC<br>999 West 18th Street, Suite 3000<br>Denver, CO 80202<br>Telephone: (303) 357-4878<br>Facsimile: (303) 446.9111<br>E-Mail: swoodrow@edelson.com<br>E-Mail: mlindsey@edelson.com<br>**ATTORNEYS FOR PLAINTIFFS AND THE PUNTATIVE CLASSES** |
| Jay Edelson<br>EDELSON PC<br>350 North LaSalle, 13th Floor<br>Chicago, ILL 60654<br>Telephone: (312) 589-6375<br>Facsimile: (312) 589-6378<br>E-Mail: jedelson@edelson.com<br>**ATTORNEYS FOR PLAINTIFFS AND THE PUNTATIVE CLASSES** | Matthew Gene English<br>941 Orange Avenue, #344<br>Coronado, CA 92118-2609<br>Telephone: (619)944-8568<br>Facsimile:<br>E-Mail: info@mge-law.com<br>**ATTORNEYS FOR PLAINTIFFS AND THE PUNTATIVE CLASSES** |
| Michael P. Sousa<br>LAW OFFICES OF MICHAEL P. SOUSA, APC.<br>3232 Governor Dr., Suite A<br>San Diego, CA 92122<br>Telephone: (858) 453-6122<br>Facsimile: (858) 453-2155<br>Email: msousa@msousalaw.com<br>**ATTORNEY FOR PLAINTIFF AND THE PUNTATIVE CLASS** | Douglas J. Campion<br>LAW OFFICES OF DOUGLAS J. CAMPION, APC<br>409 Camino Del Rio South, Suite 303<br>San Diego, CA 92108<br>Telephone: (619) 299-2091<br>Facsimile: (619) 858-0034<br>Email: doug@djcampion.com<br>**ATTORNEY FOR PLAINTIFF AND THE PUNTATIVE CLASS** |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on December 1, 2014, at Los Angeles, California.

                /s/Patty Keen_____
                PATTY KEEN

REED SMITH LLP
A limited liability partnership formed in the State of Delaware